IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| DARRIN W. HOLYCROSS, d/b/a HOLYCROSS TRUCKING, | )<br>)<br>) |
| *Plaintiff*, | ) |
| -vs- | ) Case No. _____ |
| | ) JURY DEMAND |
| WORLDWIDE EQUIPMENT OF TN, INC., f/k/a VOLUNTEER VOLVO AND GMC, INC., | )<br>)<br>) |
| *Defendant*. | ) |

# C O M P L A I N T

COMES NOW THE PLAINTIFF, DARRIN W. HOLYCROSS, d/b/a HOLYCROSS TRUCKING, and sues the Defendant, WORLDWIDE EQUIPMENT OF TN, INC., and would state as follows:

## I.
## Introduction

1. Darrin W. Holycross brings this action against Worldwide Equipment of TN, Inc. for compensatory damages arising out of the Defendant's negligence in performing certain faulty mechanical repairs to Plaintiff's truck. In addition, Plaintiff seeks compensatory, consequential and incidental damages arising out of the Defendant's breach of contract in failing to perform the mechanical repairs to the Plaintiff's truck, as promised, and for breach of the implied covenant of good faith and fair dealing.

## II.
## Jurisdiction and Venue

2. This court is vested with jurisdiction pursuant to 28 U.S.C. § 1332, because this is a case involving diversity of citizenship and the amount in controversy exceeds $75,000.00.

3. Venue is proper in this court since all of the relevant facts occurred within this judicial district.

## II.
## Parties

4. Darrin W. Holycross is an adult citizen and resident of Georgetown, Illinois.

5. The Defendant Worldwide Equipment of TN, Inc. ("Worldwide"), is a Tennessee corporation, and its corporate headquarters are located at 6614 Wilbanks Road, Knoxville, Tennessee 37912. Its registered agent for service of process is CT Corporation System, 300 Montvue Road, Knoxville, TN 37919.

## III.
## Facts

6. Plaintiff is the owners of a Volvo VNL64T Truck used in the operation of the Plaintiff's over the road, commercial trucking and hauling business known as Holycross Trucking, LLC. The VIN Number for this vehicle is: 4V4NC9EJ49N491843.

7. On April 25, 2018, Plaintiff's truck was towed to the Defendant's repair business located at 6614 Wilbanks Road, Knoxville, TN.

8. At the time the Defendant accepted delivery of Plaintiff's vehicle, the engine was down and there appeared to be no compression on five of the engine's six cylinders.

9. The Defendant offered to perform the needed repairs to Plaintiff's vehicle, restore it to operating condition, and to perform these repairs in a good and workmanlike manner. In consideration of the Defendant's offer to perform these repairs, the Plaintiff agreed to pay to the Defendant its invoiced amounts for parts and labor upon completion of these repairs.

10. Among the repairs performed by Worldwide to the Plaintiff's truck were the following: a) replacement of the engine head; b) installation of new cam; and c) replacement of rocker arms. (A true and correct copy of the invoice for parts and repairs from Worldwide to the Plaintiff Holycross Trucking, LLC is attached hereto as Exhibit A and is incorporated herein by reference). The amount of the invoice for Worldwide's repairs was $28,757.08.

11. On or about June 8, 2018, the Defendant received payment in full from the Plaintiff in the amount of $28,757.08. (A true and correct copy of the check payable to Worldwide for these repairs is attached hereto as Exhibit B and is incorporated herein by reference).

12. On or about September 27, 2018, following a delivery in Murfreesboro, Tennessee, the truck engine failed to start. Mr. Holycross had the vehicle towed to Nacarato Volvo Trucks ("Nacarato"), a repair shop located at 519 New Paul Road, La Vergne, Tennessee. He then rented an automobile and drove to his home in Georgetown, Illinois.

13. Nacarato conducted a preliminary diagnosis of the mechanical condition of the Plaintiff's truck, and determined that the cylinder head was dry, there were metal shavings in the cylinder and that it looked burned. The following photographs taken of the

Plaintiff's vehicle while at Nacarato accurately depict the cylinder head as it appeared at the time of Nacarato's preliminary diagnosis of the mechanical condition of the truck.



14. Plaintiff's truck remained at Nacarato until it could complete its inspection. On November 20, 2018, Nacarato completed its inspection of the truck engine and reported: "Oil and filters do not look to have been serviced recently or on any previous engine work being performed. Engine replacement needed."

15. At the time the Plaintiff delivered his truck to Worldwide for repairs on April 25, 2018, the odometer reading was 1,124,513 miles. When the truck later had to be towed to Nacarato on September 27, 2018, the odometer reading was 1,131,249; in other words, the truck had only been driven 6,736 miles after leaving Worldwide before the engine failed.

16. The invoice from Worldwide (Exhibit A to Complaint), does not reflect any itemized charge for new oil or oil filters.

17. The Volvo engine in the Plaintiff's truck contains a solenoid device known as a Volvo Engine Brake ("VEB") that is designed to distribute oil pressure to the engine head at all times, so as to not starve the head of needed oil for lubrication.

18. Despite the fact that the Defendant performed $28,757.00 in repairs, the itemized list of parts (Exhibit A) indicates that in addition to failing to change the oil filters, it failed to install a new VEB solenoid, normally a $300.00 part.

19. Plaintiff alleges that the Defendant's failure to properly install a new VEB solenoid to the engine cut off, or severely reduced, oil pressure to the top of the engine resulting in catastrophic damage to the entire engine.

20. From the time that his truck was delivered to Nacarato in September of 2018, through the date of this Complaint, the Plaintiffs have had to rent trucks in order to remain in business. As of the date of this Complaint, Plaintiffs have incurred in excess of $35,200.00 in rental, repair and inspection costs.

21. Plaintiffs have attempted to repair their Volvo truck with a used engine in January of 2019, but due to a defective bull gear in the used engine, have still been unable to return the Volvo truck to service.

22. In addition, the Plaintiffs have suffered economic and pecuniary loss due to the interruption of their business as a consequence of the Defendant's defective repairs to their Volvo truck.

# V.
# Causes of Action
## COUNT I
## Negligence

23. Plaintiffs incorporate by reference herein the allegations in the preceding paragraphs as fully as though set forth verbatim herein, and do further allege as follows.

24. The Defendant owed a duty of care to the Plaintiffs to perform its mechanical services on the Plaintiff's property in a good and workmanlike manner.

25. The Defendant owed a further duty of care to the Plaintiffs to use reasonable care while performing its mechanical services, to replace any needed parts, oil or fluids to prevent subsequent damage to the Plaintiff's property.

26. The Defendant breached this duty of care owed to the Plaintiff by:

   a. failing to replace the VEB solenoid at the time Worldwide rebuilt the top side of the engine;

   b. failing to replace the oil and oil filters at the time it performed its repairs;

   c. failing to properly install an O-ring at the VEB-solenoid at the time it performed its repairs;

   d. otherwise failing to follow proper protocol and procedures recommended by Volvo for the repairs it performed to the Plaintiff's engine.

27. The breach of its duty of care owed to the Plaintiffs proximately caused the Plaintiffs to incur damages to their property for which they are entitled to a judgment for compensatory damages.

## COUNT II
## Breach of Contract

28. Plaintiffs incorporate by reference herein the allegations in the preceding paragraphs as fully as though set forth verbatim herein, and do further allege as follows.

29. The transaction between the Plaintiffs and the Defendant constitutes a binding contract for mechanical repairs to property.

30. The Defendant breached its contract with the Plaintiff by failing to perform the needed repairs to the truck and restore the engine to proper working condition.

31. In addition, the Defendant owed an implied, contractual duty to perform the promised repairs in a good and workmanlike manner, as well as an implied duty of good faith and fair dealing.

32. The Defendant's actions, as described herein, constitute a breach of contract and implied duty of good faith and fair dealing.

33. The breach of contract by the Defendant proximately caused the Plaintiff to incur damages to their property for which he is entitled to a judgment for compensatory damages.

WHEREFORE, PLAINTIFF PRAYS AS FOLLOWS

1. That he be allowed to file this Complaint and that process issue to the Defendant requiring it to respond within the time required under the Federal Rules of Civil Procedure;

2. That at the trial of this case, the Court enter an order awarding compensatory damages to the Plaintiff in an amount in excess of $150,000.00;

3. That the Plaintiff have and recover such further relief as to which he may be entitled, including court costs and reasonable attorney's fees.

4. That a jury of six be empanelled to hear and try all issues proper for the trier of fact.

Date: April 16, 2019.



*/s Larry L. Crain*
Larry L. Crain (# 9040)
5214 Maryland Way, Suite 402
Brentwood, TN  37027
Tel.  615-376-2600
Fax. 615-345-6009
Larry@crainlaw.legal

*Counsel for the Plaintiff*